# MEMORANDA

# CASES NOT REPORTED IN FULL.

## LOUIS H. ECKHERT, Respondent, v. WILLIAM D. ELLIS, Appellant, Impleaded, etc.

*A purchaser of a promissory note, before or after its maturity, may avail himself of the title of his assignor.*

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict taken by direction of the court, in the Erie County Court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought upon a promissory note. The plaintiff read in evidence a promissory note for $250, made by the defendant, payable three months after date to the order of Philip Stillwagen, upon which was the indorsement of Stillwagen and a waiver of demand and notice of protest. Thereupon the defendant gave evidence tending to show that there was no consideration given by the payee to the maker of the note, and that the note was made for the accommodation of the payee and loaned to him.

One Martin was called as a witness who testified that at the date of the note the same was transferred to him by Stillwagen and that he gave Stillwagen "the face value of it;" and that thereafter, and before it was due, he, Martin, transferred it to the plaintiff on account of an indebtedness due to the plaintiff.

Martin was recalled as a witness for the defendant and testified that he had a note of $250 against Stillwagen, and that he took the note in suit for the note made by Stillwagen; "that the note was due and he gave it up to Stillwagen; that he surrendered it to Stillwagen for the one in suit; and he also testified that the note in suit was not past due when it was transferred to the plaintiff. The defendant requested that the case be submitted to the jury upon

all the evidence in the case." This was refused and an exception taken.

The defendant's counsel asked " that the case be submitted to the jury on the question as to whether the note in suit was transferred to the plaintiff before it was due, and whether the plaintiff paid value for it." The court refused and defendant excepted. Thereupon the court directed a verdict for the amount remaining due upon the note, viz., $215, and the defendant took an exception.

The court at General Term said : " First. The surrender of a past due note by Martin to Stillwagen for the note in suit was a good consideration and gave Martin the position of a *bona fide* holder for value. (*Pratt* v. *Coman*, 37 N. Y., 440 ; *Phœnix Ins. Co.* v. *Church*, 59 How., 297.) Second. After Martin became a *bona fide* holder for value he transferred the note before due to the plaintiff, and *the plaintiff thereby succeeded to the title acquired by Martin* and was entitled to enforce such title whether the transfer to the plaintiff by Martin was for value or not, and irrespective of the question of whether it was transferred before or after due.

" Mr. Daniels, in his work on Negotiable Instruments, says in section 726 (vol. 1) : ' It is a settled principle, however, that if the party who transferred the instrument to the holder acquired the note *before maturity*, and was himself unaffected by any infirmity in it, the holder acquires as good a title as he held although it were over due and dishonored at the time of the transfer.'

"An illustration of this rule may be found in *Chalmers* v. *Lanion* (1 Camp., 383), and the principle is asserted in *Commissioners* v. *Clark* (94 U. S., 285).

" In *Cromwell* v. *County of Sac* (96 U. S., 59), FIELD, J., says : ' The rule has been too long settled to be questioned now, that, whenever negotiable paper has passed into the hands of a party unaffected by previous infirmities, *its character* as an available security is *established, and its holder can* transfer it to others with the like immunity. His own title and right would be impaired if any restrictions were placed upon his power of disposition.' (See, also, *Schell* v. *Telford*, 4 N. Y. Leg. Obs., 301 ; *Corbitt* v. *Miller*, 43 Barb., 309 ; *Wheeler* v. *Allen*, 59 How. Pr., 119.)

" There is one exception to this rule, which arises where the purchase is made by the original payee, as he is not entitled to the

protection which the rule gives to the innocent indorsee or purchaser.. That exception would exclude the right of Stillwagen to recover in this case had he become a purchaser from Martin or from the plaintiff.` (*Kost* v. *Bender*, 25 Mich., 516; *Sawyer* v. *Wiswell*, 9 Allen, 42; sec. 805 of vol. 1 of Daniels on Negotiable Instruments [2d ed.], page 658.) The case of *Chester* v. *Dorr* (41 N. Y., 279) is clearly distinguishable from the one before us. That action was against Dorr who had indorsed the notes for the accommodation of Meyers, and Meyers held the notes at maturity and *he transferred them two or three years after* they had matured, and it was held the plaintiff could not recover of Dorr."

*Morey & Inglehart*, for the appellant.

*W. G. C. Kilhoffer*, for the respondent.

Opinion by HARDIN, J.; SMITH, P. J., and HAIGHT, J., concurred.

Judgment and order affirmed.